IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ARNOLD P. NELSON, | : | |
| | : | |
| Petitioner, | : | CIVIL ACTION NO. 19-2397 |
| | : | |
| v. | : | |
| | : | |
| MARK GARMAN, Superintendent, and THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA, | : : : | |
| | : | |
| Respondents. | : | |

# ORDER

**AND NOW**, this 8th day of December, 2022, after considering the original petition for a writ of habeas corpus under 28 U.S.C. § 2254 filed by the *pro se* petitioner, Arnold P. Nelson (Doc. No. 2), the petitioner's amended section 2254 petition (Doc. No. 33), the respondents' response to the amended petition (Doc. No. 35), the petitioner's reply brief in support of the amended petition (Doc. No. 36), the state court record, and United States Magistrate Judge Pamela A. Carlos's report and recommendation (Doc. No. 39); and no party having filed objections to the report and recommendation; and the time for filing objections having long passed; accordingly, it is hereby **ORDERED** as follows:

1. The clerk of court is **DIRECTED** to **REMOVE** this action from civil suspense and **RETURN** it to the court's active docket;

2. The Honorable Pamela A. Carlos's report and recommendation (Doc. No. 39) is **APPROVED** and **ADOPTED**;[1]

---

[1] Since the petitioner has not filed objections to Judge Carlos's report and recommendation, the court need not review the report before adopting it. *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987). Nonetheless, "the better practice is for the district judge to afford some level of review to dispositive legal issues raised by the report." *Id.* As such, the court will review the report for plain error. *See Oldrati v. Apfel*, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998) ("In the absence of a timely objection, . . . this Court will review [the magistrate judge's] Report and Recommendation for clear error." (internal quotation marks omitted)). The court may "accept, reject, or modify, in whole or in part, the

3. The petitioner's amended petition for a writ of habeas corpus (Doc. No. 33) is **DISMISSED** and **DENIED**;

4. The petitioner has not made a substantial showing of the denial of a constitutional right and is therefore not entitled to a certificate of appealability, 28 U.S.C. § 2253(c)(2);[2] and

5. The clerk of court shall **MARK** this case as **CLOSED**.

BY THE COURT:

/s/ *Edward G. Smith*
EDWARD G. SMITH, J.

---

findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Here, the court has reviewed Judge Carlos's report for plain error and has found none.

[2] Here, the court's resolution of the amended habeas petition involves procedural and merit rulings. When deciding whether to issue a certificate of appealability, and the

> district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. . . . When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000).
    Here, the court finds that reasonable jurists would not find the court's procedural rulings or assessment of the petitioner's claims debatable or wrong. In addition, jurists of reason would not find it debatable whether the amended petition states a valid claim of the denial of a constitutional right.